RACHAEL A. HONIG
Acting U.S. Attorney
ANGELA E. JUNEAU
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
(862) 240-2409
angela.juneau@usdoj.gov
*Attorneys for Defendant United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES HALE,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STAES OF AMERICA, JOHN DOES 1–10, JANE DOES 1–10, and ABC CORP. 1–10,<br><br>*Defendants*. | Civil Action No. 21-16351<br><br>**NOTICE OF REMOVAL AND SUBSTITUTION OF THE UNITED STATES OF AMERICA** |

To: Clerk, Superior Court of New Jersey   Frederick Richard Dunne, Esq.
    Civil Part—Somerset County            Dunne, Dunne and Cohen, LLC
    20 N. Bridge Street                   683 Kearny Avenue, Suite 1
    Somerville, NJ 08876                  Kearny, NJ 07032
                                          *Attorney for Plaintiff*

PLEASE TAKE NOTICE that this action previously pending in the Superior Court of New Jersey, Somerset County, Civil Part, Docket No. SOM-L-719-21 (the "State Court Action"), is removed by Defendants Lyons VA Medical Center and the United States Department of Veterans Affairs to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d).

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 2679(d, the United States of America is substituted for the Lyons VA Medical Center and the United States Department of Veterans Affairs with respect to all claims set forth in the Complaint.  The United States of America, by and through its undersigned attorneys, respectfully states the following in support of the removal of this matter:

1. The Complaint in the State Court Action was filed on May 21, 2021.  ***See*** **Exhibit A**.

2. Plaintiff named the Lyons VA Medical Center and the United States Department of Veterans Affairs as Defendants in his Amended Complaint, filed July 8, 2021.  ***See*** **Exhibit B**.

3.  In his Amended Complaint, Plaintiff alleges a tort claim.  Specifically, Plaintiff alleges that he was injured as a result of Defendants' negligence.  ***See*** **Exhibit B ¶¶ 1–3**.

4. Pursuant to 28 U.S.C. § 1442(a)(1), a civil action commenced in state court may be removed to the federal district court if the suit involves a claim against

   [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

5. Removal by the federal government under this statute does not require the consent of any other party. *See Kordus v. Biomark Intern, LLC*, 224 F.R.D. 590, 592-93 (D. Del. 2004) (citing *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998)).

6. This action may be properly removed pursuant to 28 U.S.C. § 1442(a)(1), because it involves a civil action against the United States Department of Veterans Affairs, an agency of the United States.

7. It appears from the affidavit of service that Plaintiff served the Defendant United States Department of Veteran Affairs by serving the East Orange VA Medical Center.  *See* **Exhibit D.**  This effort did not comply with Federal Rule of Civil Procedure Rule 4(i), which governs service of a complaint on a United States agency.

8. Because Plaintiff has not served the United States Department of Veteran Affairs in the manner required by Rule 4, Plaintiff has not effected proper service.  Accordingly, removal pursuant to 28 U.S.C. § 1442(a)(1) is still timely under 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) ("a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); *Calhoun v. Murray*, 507 F. App'x. 251, 259-60 (3d Cir. 2012) (declining to remand civil action against assistant U.S. attorneys and the U.S. Marshals Service after determining 28 U.S.C. § 1446(b)'s 30-day time period had not yet commenced); *see also Quality Loan Serv. Corp. v. 24702 Pallas Way*, 635 F.3d 1128, 1133 (9th Cir. 2011) ("[A]ctual notice of the action is insufficient; rather, the defendant must be notified of the action, and brought under a court's authority, by formal process, before the removal

period begins to run") (citation and internal quotation marks omitted).

9. Defendants may also properly remove this action because Plaintiff has asserted tort claims. Pursuant to 28 U.S.C. § 2679(a), the exclusive remedy for a plaintiff seeking to bring a tort claim against an agency or employee of the United States acting within the scope of employment is an action under the Federal Tort Claims Act ("FTCA"). Under the FTCA, the only proper defendant is the United States, not the federal agency or employee. *See Dilg v. United States Postal Serv.*, 635 F. Supp. 406, 407 (D.N.J. 1985) ("[T]he United States is the only proper defendant in a suit for personal injuries arising out of the negligence of federal employees. . . . Individual agencies of the United States may not be sued in their own name in such a case").

10. Under the FTCA, the United States District Courts have exclusive jurisdiction over tort actions filed against the United States, and the United States may remove to federal court a civil action commenced upon that claim in state court at any time before trial. *See* 28 U.S.C. §§ 1346(b), 2679(d)(2).

11. Service of process has not been effected upon the United States in the manner specified and required under Rule 4(i) of the Federal Rules of Civil Procedure.

12. According to the Superior Court docket sheet, no trial date for this matter has been set by the state court.

13. A copy of this Notice of Removal will be electronically filed with the Clerk of the Superior Court of New Jersey, Somerset County, Civil Part. ***See* Exhibit C**. Copies of the Notice of Removal also will be served on all parties that

have appeared in the action.

THEREFORE, the above-captioned action brought in the Superior Court of New Jersey, Somerset County, Civil Part, is hereby removed to the United States District Court for the District of New Jersey for further proceedings, and the United States of America has been substituted for Defendants United States Department of Veteran Affairs and the Lyons VA Medical Center pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(a) and (d).

RACHAEL A. HONIG  
Acting United States Attorney

By:   /s/ Angela E. Juneau  
     ANGELA E. JUNEAU  
     Assistant U.S. Attorney

Dated: September 1, 2021